IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY WHITE, | § | |
|     Plaintiff, | § | |
| v. | § | No. 3:18-cv-3111-S (BT) |
| | § | |
| FNU REEVES, ET AL., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this *pro se* civil action to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the complaint should be dismissed.

I.

Plaintiff filed this complaint on November 26, 2018. On January 23, 2019, the Court sent Plaintiff a Magistrate Judge's Questionnaire seeking additional information about his claims. On February 27, 2019, the Questionnaire was returned to the Court as undeliverable because Plaintiff is no longer at the address that he provided to the Court. He has not provided the Court with any alternative address.

II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir.

1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)). Plaintiff has failed to provide the Court with a current address. Without a proper address, the Court cannot communicate with Plaintiff. The Court must obtain additional information about the factual basis of this suit in order to screen the complaint and determine whether the defendants should be served. The inability to proceed with this litigation is directly attributable to Plaintiff's failure to provide the information requested and keep the Court advised of his current address. Under these circumstances, the Court should dismiss Plaintiff's complaint under Fed. R. Civ. P. 41(b).

### III.

The Court recommends that the complaint be dismissed without prejudice for want of prosecution under Fed. R. Civ. P. 41(b).

Signed March 4, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).